IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


PATRICK AMEZQUITA,                                         CV. 10-912-MO

        Petitioner,

    v.                                                     OPINION AND ORDER

J.E. THOMAS,

        Respondent.


    PATRICK AMEZQUITA
    95298-080
    FCI Sheridan
    P.O. Box 5000
    Sheridan, OR  97378
    *PRO SE*

    DWIGHT C. HOLTON
    United States Attorney
    RONALD K. SILVER
    Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent


1 - OPINION AND ORDER

Mosman, District Judge.

Petitioner, an inmate at Federal Correctional Institution, Sheridan, Oregon at the time of filing, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He alleges, (1) his rights are being violated because he is not being considered for the Residential Drug Abuse Program ("RDAP"), and (2) the rules governing early release eligibility upon successful completion of RDAP are applied in an arbitrary and inappropriate manner and are invalid. Because Petitioner's first claim is moot, and because the Court lacks jurisdiction to review the second claim, the Petition for Writ of Habeas Corpus (#2) is DISMISSED.

## BACKGROUND

I.    Statutory and Regulatory Framework.

Congress vested the Bureau of Prisons ("BOP") with broad discretion in the management and regulation of all Federal penal and correctional institutions. 18 U.S.C. § 4042(a). In 18 U.S.C. § 3621(b), Congress established a statutory mandate that the BOP make substance abuse treatment available for each prisoner the BOP determines has a treatable condition of substance addiction or abuse. In § 3621(e) Congress outlined a statutory mandate for residential substance abuse treatment programs, with priority for such treatment accorded based on an eligible prisoner's proximity to release date. Congress also specified the BOP could, at its discretion, reduce the term of imprisonment of an inmate who successfully completed RDAP by up to one year. § 3621(e)(2)(B).

2 - OPINION AND ORDER

The implementing regulations for BOP drug treatment programs are found at 28 C.F.R. §§ 550.50-550.56 (2009), with §§ 550.53-550.55 specific to RDAP. Program Statement P5330.11 (3/16/2009) provides internal guidelines for the BOP's various drug abuse programs. Program Statement P5331.02 (3/16/2009) provides internal guidelines for RDAP related early release benefits under 18 U.S.C. § 3621(e).

Inmates are interviewed for RDAP "ordinarily no less than 24 months from release." P5330.11, Sec. 2.5.1(b). Inmates found to be qualified for RDAP are placed on the wait-list and their file is screened for factors that would exclude them from early release eligibility. P5331.02, Sec. 7. The files of inmates who are not excluded from eligibility are reviewed by the DSCC for a determination on eligibility for early release benefits. *Id*. The BOP specifies categories of inmates not qualified for early release eligibility in 28 C.F.R. 550.55(b).

II.  Factual Background.

In March 2000, Petitioner was sentenced to three concurrent 120-months terms of imprisonment and 5 years supervised release upon pleading guilty to violation of 21 U.S.C. 846 and 841(a)(1), Conspiracy to Possess with Intent to Distribute Marijuana and Cocaine (Count 1); violation of 21 U.S.C. 841 (a)(1) and 18 U.S.C. 2, Possession with Intent to Distribute Cocaine (Count 32); and violation of 18 U.S.C. 922(g)(1), Felon in Possession of a Firearm (Count 102). (#11, Decl. at 2; Attach A.) On October 9, 2009,

3 - OPINION AND ORDER

Petitioner's supervised release was revoked and he was sentenced to 48-months imprisonment on Count 1, 36-months on Count 2[sic], and 24-months on Count 102, to be served concurrently for a total term of 48 months. (*Id*. at 3; Attach. B.) His projected release date is March 13, 2013. (*Id*. at 3.)

On February 4, 2010, Petitioner applied for RDAP. He was interviewed and found eligible for RDAP on September 16, 2010, and was placed on the wait-list. (*Id*. at 3.) On September 21, 2010, the Designation and Sentence Computation Center ("DSCC") determined Petitioner was ineligible for the RDAP related early release benefit under § 3621(e). (*Id*. at 3; Attach. C at 2.) The DSCC identified the three convictions for which Petitioner was incarcerated as precluding current offenses, as specified in 28 C.F.R. §§ 550.55(b)(5)(ii), (iii), and (b)(6), and Program Statement P5162.05, sections 4.b, 4.d, 4.e, and 3.a. In doing so, the DSCC noted the sentencing court "adopted a SOC enhancement for possession of a dangerous weapon" on Counts 1 and 32. ((*Id*., Attach, C at 2.)

Petitioner filed the instant petition on July 29, 2010, seeking to be enrolled in RDAP, to receive an eligibility determination for early release benefits, and to be awarded "time off as would be appropriate." (#2, at 5.)

///

///

4 - OPINION AND ORDER

## **DISCUSSION**

Petitioner filed the instant petition on July 29, 2010, alleging: (1) that he was not being considered for RDAP, and (2) that the rules governing eligibility for early release are invalid. (#2, at 3.) Petitioner requested the following relief: that he be considered and enrolled in RDAP, that an eligibility determination for early release benefits be requested, and that he receive "time off as would be appropriate." (*Id*. at 5.)

Respondent moves for the Court to dismiss the petition on the basis it is moot. The government contends the relief Petitioner requested has been granted. (#10, at 2-3.) In responding to the government's motion to dismiss, Petitioner does not dispute that he has been interviewed and found eligible for RDAP, that he is on the wait-list, and that his eligibility for early release benefits was reviewed. He argues, however, he has wrongly been denied early release eligibility under § 3621(e) because a supervised release violation is not a disqualifying offense.

I.   Mootness

Article III, § 2 of the United States Constitution requires that through all stages of federal judicial proceedings there exist a case-or-controversy. *Caswell v. Calderon,* 363 F.3d 832, 836 (9th Circuit, 2004) (citations omitted). Existence of a case-or-controversy means that "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant **and likely to be redressed by a**

5 - OPINION AND ORDER

**favorable judicial decision."** *Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (emphasis added, internal quotations omitted)).  A case is moot if it fails to meet the case-or controversy requirement because the court cannot provide relief. *Caswell*, 363 F.3d at 837. That is the case here.

BOP policies provide that inmates are interviewed ordinarily no less than 24 months from their projected release date. P5330.11, Sec. 2.5.  Petitioner applied for RDAP in February 2010, and was interviewed on September 16, 2010.  Petitioner's projected release date is March 13, 2013, thus his RDAP interview was held in accordance with BOP policies.  He will begin the treatment program based on the wait-list and his projected release date. Petitioner, therefore, has not shown an injury in fact, and he has received what he was seeking, that is, to be considered for RDAP.

With respect to Petitioner's requests for early release eligibility and time off, Petitioner's file was forwarded to the DSCC on the day he was placed on the RDAP wait-list.  The DSCC determined Petitioner is ineligible for early release based on the convictions for which he is incarcerated.  He is, therefore, not entitled to time off.  There is nothing in the record to suggest the determination by DSCC violated Petitioner's rights, and the Court does not have jurisdiction to review individualized determinations related to RDAP, such as an inmate's eligibility determination. *See Johnston v. Thomas*, 2010 WL 2574090 (D.Or. June

6 - OPINION AND ORDER

24, 2010). Because Petitioner has received the relief he sought from this court, his first claim is moot.

II. Ripeness

A liberal construction of Petitioner's *pro se* petition leads the Court to characterize Petitioner's second claim as a challenge to the rules governing early release eligibility determinations. However, Petitioner filed his petition approximately two months before was interviewed and found eligible for RDAP, and before the rules for determining early release eligibility were applied. A component of the case-or-controversy requirement under Article III, § 2 of the United States Constitution that the Court must consider to establish its jurisdiction to review the claim pertains to the related doctrines of standing and ripeness. *See Allen v. Wright*, 468 U.S. 737, 750 (1984); *Bova v. City of Medford*, 564 F.3d 1093, 1095-96 (9th Cir. 2009). For Petitioner to have standing to bring a claim, he must show that he has suffered an injury in fact, "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (internal citations omitted.) "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). That is because if the contingent events do not occur, the petitioner will not have suffered an injury in fact. *See Lujan*, 504 U.S. at 560.

7 - OPINION AND ORDER

Review for early release benefits is contingent on an inmate being eligible for RDAP.  If an inmate is determined to be ineligible for RDAP, no review for eligibility for early release occurs.  Petitioner filed his petition before his eligibility for RDAP had been established and before he could know whether or not the rules for eligibility determinations for early release would be applied to him.  Petitioner's challenge to the rules governing eligibility determinations for early release, therefore, does not satisfy the case-or-controversy requirement and the Court does not have jurisdiction to review the claim.

Even assuming Petitioner's claim was properly before the Court, he would not be entitled to relief.  The BOP is statutorily authorized to disqualify categories of inmates from early release eligibility, *see Lopez v. Davis*, 531 U.S. 230, 244 (2001); *Crickon v. Thomas*, 579 F.3d 978, 981 (9th Cir. 2009) (citing *Jacks v. Crabtree*, 114 F.3d 983, 985-86 (9th Cir. 1997), and the BOP properly based its eligibility determination on the convictions for which Petitioner was on supervised release.

A term of supervised release imposed by a court, while distinct from a term of imprisonment, is, as a matter of law, a component of the overall sentence imposed upon a defendant's conviction. *United States v. Paskow*, 11 F.3d 873, 881-83 (9th Cir. 1993)  (supervised release is "simply part of the whole matrix of punishment which arises out of a defendant's original crimes." citing *United States v. Flora*, 810 F.Supp. 841, 842 (W.D.Ky.

8 - OPINION AND ORDER

1993)); 18 U.S.C. § 3583(a). "It is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of both parole and supervised release." *United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995) (citing *Paskow* at 881); *see also Johnson v. United States*, 529 U.S. 694, 700 (2000) ("postrevocation sanctions [are] part of the penalty for the initial offense"); *United States v. Brown*, 59 F.3d 102, 104-105 (9th Cir. 1995) ("Revocation of parole or probation is regarded as reinstatement of the sentence for the underlying crime, not as punishment for the conduct leading to the revocation.") It is clear from the Order Revoking Supervised Release and Re-Sentencing of Defendant that the 48-months term of imprisonment Petitioner is serving is a term imposed for his convictions from March, 2000, (#11, Attach. B), and those convictions disqualify him from early release eligibility.

    Because Petitioner's first claim for relief is moot; and because the second claim for relief was not ripe when the petition was filed and is, in any event, without merit, the Motion to Dismiss must be granted and the petition dismissed.

/ / /

/ / /

9 - OPINION AND ORDER

## **CONCLUSION**

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#2) is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this  3rd  day of February, 2011.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge
